# EXHIBIT A

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

## COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION NO. 18 - 807

_Laurie Gates_, PLAINTIFF(S)

V.

_Dollar Tree Stores, Inc. and Sedgwick Claims Management Services, Inc._ DEFENDANT(S)

SUMMONS

To the above named defendant: _Dollar Tree Stores, Inc., Corporation Service Co., 84 State Street, Boston MA 02109_

You are hereby summoned and required to serve upon _Kevin Chrisanthopoulos, Esq._, plaintiff's attorney, whose address is _KC Law, 30 Court Street, Westfield MA 01085_, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esq., at Springfield the _5th_ day of _November_ in the year of our Lord two thousand _eighteen_.

Laura S. Gentile, Esquire
CLERK OF COURTS

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

A true copy Attest: _Joseph P Casey_
Deputy Sheriff Suffolk County
11-16-18

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20___, I served a copy of the within summons, together with a copy of the complaint, in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5):

_____
_____
_____
_____

Dated: _____, 20___

N.B. TO PROCESS SERVER:
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

(                     )
(           , 20     )
(                     )

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPDEN, SS.
SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 18-807

LAURIE GATES,
  Plaintiff

v.

DOLLAR TREE STORES, INC. and
SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC.,
  Defendants

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. The plaintiff, Laurie Gates, is a natural person residing at 92 Falmouth Road, Chicopee, Hampden County, Massachusetts.

2. The defendant, Dollar Tree Stores, Inc., is a domestic profit corporation registered to do business in Massachusetts, with a usual place of business at 935 Riverdale Street, West Springfield, Hampden County, Massachusetts.

3. The defendant, Sedgwick Claims Management Services, Inc., is a corporation with its primary place of business at 1100 Ridgeway Loop Road, Memphis, Tennessee, and a Massachusetts registered agent, CT Corporation System located at 155 Federal Street, Boston, Suffolk County, Massachusetts.

## FACTS

4. On or about December 10, 2017, the plaintiff, Laurie Gates, was lawfully on the premises owned by the defendant, Dollar Tree Stores, Inc., located at 935 Riverdale Street, West Springfield, Massachusetts.

5. The defendant, Dollar Tree Stores, Inc., so carelessly and negligently maintained its property, so as to cause the plaintiff, who was exercising due care under the circumstances, to trip and fall on or about December 10, 2017.

6. The defendant, Dollar Tree Stores, Inc., allowed and permitted an unreasonably dangerous condition to exist on its property on or about December 10, 2017.

7. As a result of the trip and fall, the plaintiff, Laurie Gates, has suffered, and continues to suffer, personal injuries, economic loss, and other damages, and has incurred reasonably necessary and significant medical bills.

## COUNT I
## NEGLIGENCE

8. The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 7 of her complaint and incorporate them herein by reference.

9. As a direct and proximate result of the negligence of the defendant, Dollar Tree Stores, Inc., the plaintiff, Laurie Gates, has suffered and will continue to suffer severe pain of body and anguish of mind, has incurred and will continue to incur bills for reasonable medical care and attention, has suffered and will continue to suffer a disruption in her daily activities.

WHEREFORE, the plaintiff, Laure Gates, demands judgment against the defendant, Dollar Tree Stores, Inc., in an amount that will adequately compensate her for her damages, plus interest, costs, attorneys' fees, and such other relief for compensation sufficient and appropriate to her injuries, and for such other relief as this court deems just and proper.

## COUNT II
## VIOLATION OF M.G.L. c. 93A –
## SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.

10. The plaintiff, Laurie Gates, repeats and realleges the allegations contained in paragraphs 1 through 9 of her complaint and incorporate them herein by reference.

11. The defendant, Sedgwick Claims Management Services, Inc., engaged in a conduct of trade or commerce within the meaning of c. 93A.

12. The conduct, actions or inactions of the defendant, Sedgwick Claims Management Services, Inc., constitutes one or more unfair or deceptive acts or practices declared unlawful by M.G.L. c. 93A.

13. The defendant, Sedgwick Claims Management Services, Inc., violated M.G.L. c. 93A by failing to effectuate prompt, fair and reasonable investigation and failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies, and compelled the plaintiff, Laurie Gates, to file a lawsuit to obtain information the defendants relied on in denying liability in this matter and failed to respond to the plaintiff's 93A Demand correspondence dated September 10, 2018 and received September 14, 2018.

WHEREFORE, the plaintiff, Laurie Gates, demands that judgment be entered in her favor against the defendant, Sedgwick Claims Management Services, Inc., under M.G.L. c. 93A to include actual damages, two to three times actual damages based on the defendant's knowing and willful violations, interest, costs, attorney's fees and whatever other relief the Court deems just and proper.

## JURY DEMAND

PLAINTIFF LAURIE GATES DEMANDS A JURY TRIAL ON ALL COUNTS OF THE COMPLAINT.

The Plaintiff,
LAURIE GATES,

By her attorney,

_____
Kevin Chrisanthopoulos, Esq.
BBO# 643734
KC Law
30 Court Street, Suite 1
Westfield, MA 01085
(413) 251-1010

Dated: October 29, 2018

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>18-807 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| PLAINTIFF(S): Laurie Gates<br>ADDRESS: 92 Falmouth Road<br>Chicopee MA 01020 | DEFENDANT(S): Dollar Tree Stores, Inc. and Sedgwick Claims Management Services, Inc. | COUNTY<br>Hampden |
| ATTORNEY: Kevin Chrisanthopoulos, Esq.<br>ADDRESS: KC Law<br>30 Court Street, Suite 1<br>Westfield, MA 01085<br>BBO: 643734 | ADDRESS: 935 Riverdale Street, West Springfield, MA 01089 and<br>155 Federal Street, Boston, MA 02109 | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Other Negligent-Personal Injury | F | ☒ YES ☐ NO |

*If "Other" please describe: Slip and Fall

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, §.3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................................................................... $ 7,687.08
2. Total doctor expenses ................................................................................................................. $ 9,264.00
3. Total chiropractic expenses ........................................................................................................ $
4. Total physical therapy expenses ................................................................................................ $
5. Total other expenses (describe below) ...................................................................................... $ 1,650.00
Subtotal (A): $

No. 5 - MRI expense

B. Documented lost wages and compensation to date ..................................................................... $
C. Documented property damages to dated ..................................................................................... $
D. Reasonably anticipated future medical and hospital expenses ................................................... $
E. Reasonably anticipated lost wages .............................................................................................. $
F. Other documented items of damages (describe below) .............................................................. $ 150,000.00

Pain & Suffering

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Left wrist and left knee pain consisting of medial meniscal tear requiring left knee arthrosocpy

TOTAL (A-F):$ 168,601.08

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X  Date: 10·30·18

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X  Date:

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1879CV00807 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Laurie Gates vs. Dollar Tree Stores, Inc. et al | | Laura S Gentile, Clerk of Courts |
| TO: Kevin Chrisanthopoulos, Esq. KC Law 30 Court St Suite 1 Westfield, MA 01085 | | COURT NAME & ADDRESS Hampden County Superior Court Hall of Justice - 50 State Street P.O. Box 559 Springfield, MA 01102 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**           **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 01/31/2019 | |
| Response to the complaint filed (also see MRCP 12) | | 03/04/2019 | |
| All motions under MRCP 12, 19, and 20 | 03/04/2019 | 04/01/2019 | 05/01/2019 |
| All motions under MRCP 15 | 03/04/2019 | 04/01/2019 | 05/01/2019 |
| All discovery requests and depositions served and non-expert depositions completed | 08/29/2019 | | |
| All motions under MRCP 56 | 09/30/2019 | 10/28/2019 | |
| Final pre-trial conference held and/or firm trial date set | | | 02/25/2020 |
| Case shall be resolved and judgment shall issue by | | | 11/02/2020 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 11/02/2018 | Cheryl Coakley-Rivera | (413)735-6017 |

Date/Time Printed: 11-02-2018 11:36:25                                                                                 SCV026\ 08/2015